**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ISMAEL ESPUDO, #28141-180,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0332-G** |
| | ) | **(ECF)** |
| **DAN JOSLIN, Warden,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a federal prisoner

pursuant to 28 U.S.C. § 2241.

Parties:  Petitioner is currently confined at the Federal Correction Institution (FCI) in

Seagoville, Texas.  Respondent is the warden at FCI Seagoville.  The court has not issued

process in this case, pending preliminary screening of the habeas petition.

Statement of Fact:  On February 3, 2003, Petitioner was convicted in the Western District

of Texas, Midland/Odessa Division, of conspiracy to possess with intent to distribute a quantity

of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See United States v. Espudo,

7:00cr0141(26) (W.D. Tex.) (Judgement of conviction attached to Petition (Pet.)).  Punishment

was assessed at 168 months imprisonment and a four-year term of supervised release.  Id.

Prior to filing this action, Petitioner filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255.  See Espudo v. United States, 7:04cv0004 (W.D. Tex.,

Midland/Odessa Div., filed Jan. 6, 2004).  On October 14, 2004, the District Court denied the

motion.  Id.  Petitioner's appeal from the denial of his § 2255 motion is presently pending before

the United States Court of Appeals for the Fifth Circuit.  See No. 04-51296.

The present § 2241 petition is very difficult to understand.  It appears, Petitioner seeks to

challenge the enhancement of his sentence under United States v. Booker, 543 U.S. 220, 125 S.

Ct. 738, 160 L. Ed. 2d 621 (2005).  (Memorandum in Support of Pet. at 2-3).  Petitioner also

seeks to challenge the trial court's authority in imposing the four-year term of supervised

release.[1]  (Id. at 6-7, and 12).

Findings and Conclusions:  Although Petitioner denominates his current petition as one

for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the legality of the sentence

that he is currently serving.  A collateral attack on a federal criminal conviction and sentence is

generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.

Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th

Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990).  While

a habeas corpus petition under § 2241 is typically used to challenge the execution of a prisoner's

sentence, a federal prisoner may bring a § 2241 petition to challenge the legality of his

---

[1]      In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the
rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296, 120 S.Ct. 2531, 159 L.Ed.2d
403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a
sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury
verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."
Booker, 543 U.S. at 244, 125 S.Ct. at 756.  See also Padilla v. United States, 416 F.3d 424, 426
n. 1 (5th Cir. 2005).  The Booker Court also excised certain statutory provisions that made the
Guidelines mandatory, thereby rendering them advisory only.  Booker, 543 U.S. at 245, 125
S.Ct. at 756-57.

conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255.  Padilla

v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243

F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378, 381 (5th Cir.),

cert. denied, 540 U.S. 1085 (2003).[2]

Since Petitioner is incarcerated in the Northern District, this Court has jurisdiction to

determine whether his claims are properly brought under § 2241 via the savings clause of §

2255.  Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to

determine whether petitioner could properly raise a claim under savings clause of § 2255);

Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is

inadequate or ineffective."  Padilla, 416 F.3d at 426.  The savings clause of § 2255 applies to a

claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision

which establishes that petitioner may have been convicted of a non-existent offense and (ii) that

was foreclosed by circuit law at the time when the claim should have been raised in the

petitioner's trial, appeal, or first § 2255 motion."  Id. (quoting Reyes-Requena, 243 F.3d at 904).

In Padilla, 416 F.3d at 425-26, the Fifth Circuit Court of Appeals held that a claim

challenging only the validity of a sentence under Blakely and Booker did not fall within the

---

[2]     The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is
authorized to apply for relief by motion pursuant to this section, shall not be
entertained if it appears that the applicant has failed to apply for relief, by motion,
to the court which sentenced him, or that such court has denied him relief, unless
it also appears that *the remedy by motion is inadequate or ineffective to test the
legality of his detention*.

28 U.S.C. § 2255 ¶ 5 (emphasis added).

savings clause of § 2255. The Court concluded that the <u>Booker</u>'s holding, like <u>Apprendi</u>, is "not

retroactively applicable to cases on collateral review." <u>Id.</u> at 426 (citing <u>Booker</u>, 125 S. Ct. at

738; <u>Wesson v. U.S. Penitentiary Beaumont</u>, 305 F.3d 343, 347 (5th Cir. 2002)). It further

concluded that the petitioner's claim, which challenged only the enhancement of his sentence for

possession of a weapon, did "not demonstrate that [the petitioner] was convicted of a non-

existent offense and [as a result] ha[d] no effect on whether the facts of his case would support

his conviction for the substantive offense." <u>Id.</u>

In this case, despite his arguments to the contrary, Petitioner is unable to satisfy the first

prong of the savings clause test. As in <u>Padilla</u>, his claims only challenge the enhancement of his

sentence under <u>Booker</u>, and as such do not implicate his conviction for a substantive criminal

offense. Moreover, the Supreme Court has not made its decision in <u>Booker</u> retroactively

applicable to cases on collateral review. <u>Padilla</u>, 416 F.3d at 426.[3] Insofar as Petitioner

challenges the supervised release portion of his sentence, his claim again fail to implicate the

savings clause. Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255,

and his § 2241 petition should be dismissed for lack of jurisdiction. <u>See</u> <u>Christopher</u>, 342 F.3d at

385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

---

[3]      The Fifth Circuit has held in the context of a first motion as well as a second or
successive motion under § 2255 that the United States Supreme Court did not make <u>Booker</u>
retroactively applicable to cases on collateral review. <u>See</u> <u>United States v. Gentry</u>, 432 F.3d 600,
(5th Cir. 2005) (first § 2255 motion); <u>In re Elwood</u>, 408 F.3d 211, 212-13 (5th Cir. 2005) (per
curiam) (second or successive § 2255 motion).

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

It is further recommended that Petitioner's motions for emergency hearing and for issuance of subpoena duces tecum, filed on February 10, 2006, be denied as moot.

A copy of this recommendation will be mailed to Petitioner Ismael Espudo, #28141-180, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed this 28th day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.